UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DAVID LEWIS BENTON                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:14CV-263-S

CITY OF LOUISVILLE FAMILY COURT DIV.                             DEFENDANT

**MEMORANDUM OPINION**

Plaintiff David Lewis Benton, who is proceeding *pro se* and *in forma pauperis*, filed the instant action against the "City of Louisville Family Court Div." This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I. STATEMENT OF CLAIMS**

Plaintiff filed suit on a general complaint form. As grounds for filing this case in federal court, Plaintiff states: "Disreguarded to Due Process – Violations to/of: USC, 42-1983 (deprivation of rights)•USC, 42-1985•18, USC, 241•18, USC, 1038•42, USC, 1981•18, USC, 402•Ky Bill of Rights, Sec.(1)•US Bill of Rights, Sec's: 1,3•Constitutional Rights, Sec's: 7, 11, 14, 18 * Ky Statues: 522.020-525.080-525.70-525.055-506.040-522.040." As his statement of claim, Plaintiff claims that the "City of Louisville's Family Court Division failed in following the guidelines of Set Lawful Rules of Lawful process founded by this City/State & Country – The Presiding Justice (P. Sherlock), Contradicted Lawful process's and Contradicted Rules set forth of conduct as follows: KRS Sec's – 522.050; 62.030; 522.020; 367.170." He continues that the "Jefferson Co. Attorney's Office Represented or Directed by Penny Houncell – This case was submitted for action by the city/State in 2007 and is the Direct cause of an up coming Traffict

Court case." As relief, Plaintiff seeks the "fastest resolve /w/ an apology from the Defendant" and "the amount of 6 million for violation of his basic & founded humman/civil rights – or – what the courts find fair."

## II. **STANDARD OF REVIEW**

The federal *in forma pauperis* statute mandates that a trial court shall dismiss a civil action at any time, if the court determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

**A. Federal-law claims**

***1. 18 U.S.C. § 241***

Plaintiff alleges a claim under 18 U.S.C. § 241. This is a criminal statute which provides in relevant part as follows:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same . . . They shall be fined under this title or imprisoned not more than ten years . . . .

There are no facts in Plaintiff's complaint to support this claim. Regardless, Plaintiff, as a private citizen, may not enforce the federal criminal code. *See Abner v. Gen. Motors*,

103 F. App'x 563, 566 (6th Cir. 2004) (finding that the plaintiff could not initiate a federal criminal prosecution); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242."). Nor does this statute provide any private right of action for a violation. *See Burnette v. Pettway*, No. 97-5822, 1998 WL 476198, at *1 (6th Cir. Aug. 3, 1998) (noting "that the district court properly found that § 241 is a criminal statute which does not provide a basis for civil liability"); *Bybee v. Pirtle*, No. 96-5077, 1996 WL 596458, at *1 (6th Cir. Oct. 16, 1996) (finding that the plaintiff "had no private civil right of action under 18 U.S.C. § 241").

Accordingly, the claim under 18 U.S.C. § 241 will be dismissed.

### 2. *18 U.S.C. § 402*

Plaintiff also alleges 18 U.S.C. § 402 as grounds for this action. This criminal statute provides as follows:

> Any person, corporation or association willfully disobeying any lawful writ, process, order, rule, decree, or command of any district court of the United States or any court of the District of Columbia . . . shall be prosecuted for such contempt as provided in section 3691 of this title and shall be punished by a fine under this title or imprisonment, or both.

18 U.S.C. § 402. This is a criminal statute dealing with "Contempts constituting crimes." It appears from the sparse allegations contained in Plaintiff's complaint that the alleged wrongdoing revolved around state court proceedings. Section 402 of Title 18 of the United States Code does not appear to have any bearing on Plaintiff's allegations. Regardless, once again, Plaintiff, as a private citizen, may not enforce the federal criminal code. *See Abner v. Gen. Motors*, 103 F. App'x at 566; *Cok v. Cosentino*, 876 F.2d at 2. Nor does this statute provide any private right of action for a violation.

For these reasons, the claim under 18 U.S.C. § 402 will be dismissed.

*3. 18 U.S.C. § 1038*

Plaintiff cites 18 U.S.C. § 1038 as grounds for this lawsuit. Section 1038 of Title 18 of the United States Code is a federal statute pertaining to "False information and hoaxes." Subsection A of the statute sets forth a criminal violation for "conduct with intent to convey false or misleading information." However, as stated, as a private citizen, Plaintiff may not enforce the federal criminal code. *See Abner v. Gen. Motors*, 103 F. App'x at 566; *Cok v. Cosentino*, 876 F.2d at 2; *Johnson v. Working America, Inc.*, No. 1:12CV1505, 2012 WL 3074775, at *2 (N.D. Ohio July 30, 2012) (finding that, as a private citizen, the plaintiff had no authority to initiate a federal criminal prosecution under 18 U.S.C. § 1038).

> Subsection B of the statute provides for a civil action as follows:
>
> Whoever engages in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation of chapter 2, 10, 11B, 39, 40, 44, 111, or 113B of this title [18 USCS §§ 31 et seq., 175 et seq., 229 et seq., 831 et seq., 841 et seq., 921 et seq., 2271 et seq., or 2331 et seq.], section 236 of the Atomic Energy Act of 1954 (42 U.S.C. 2284), or section 46502, the second sentence of section 46504, section 46505 (b)(3) or (c), section 46506 if homicide or attempted homicide is involved, or section 60123(b) of title 49 is liable in a civil action to any party incurring expenses incident to any emergency or investigative response to that conduct, for those expenses.

Plaintiff entirely fails to show how this statute applies to his allegations.

Consequently, the claim under 18 U.S.C. § 1038 will be dismissed.

*4. 42 U.S.C. § 1981*

In his complaint, Plaintiff alleges a claim under 42 U.S.C. § 1981. Title 42 of the United States Code, Section 1981 states in relevant part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give

> evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other . . . . The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981(a), (c). Plaintiff's § 1981 claim fails because it is clear that 42 U.S.C. § 1983 is the exclusive mechanism for bringing suits against state actors for violation of rights guaranteed by § 1981. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 711-731 (1989) (holding that § 1983 provides the exclusive remedy for damages for the violation of rights guaranteed by § 1981 when a state actor is the alleged violator); *McCormick v. Miami Univ.*, 693 F.3d 654, 659-661 (6th Cir. 2012) (concluding that § 1983 is the exclusive mechanism to vindicate violations of § 1981 by an individual state actor acting in his official or individual capacity); *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (finding that "§ 1983 provides an exclusive remedy for violations against state actors sued in their official capacities"; thus "[a]n official capacity lawsuit against . . . a state actor, for constitutional violations, such as race discrimination, cannot be brought under § 1981"); *Arendale v. City of Memphis*, 519 F.3d 587, 598-99 (6th Cir. 2008) ("Accordingly, we hold that 'the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units.'") (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. at 733).

Accordingly, the § 1981 claim will be dismissed.

### 5. *42 U.S.C. § 1983 and Bill of Rights and Constitutional Rights*

Plaintiff alleges a violation of 42 U.S.C. § 1983. He also alleges a violation of the "US Bill of Rights, Sec's: 1, 3" and "Constitutional Rights, Sec's: 7, 11, 14, 18." A claim for

6

violation of constitutional rights must be brought under 42 U.S.C. § 1983. *See Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights."). Therefore, the Court will construe Plaintiff's violations under the Bill of Rights and the Constitution as being brought under § 1983.

Plaintiff sues the "City of Louisville Family Court Div." To the extent that this is a municipal entity, the Louisville Metro Government is the proper party. "[T]o demonstrate municipal liability, [a plaintiff] must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). Here, Plaintiff fails to establish municipal liability as he does not allege any municipal policy or custom that caused his alleged harm. Thus, the complaint fails to establish a basis of liability against the Louisville Metro Government and fails to state a cognizable § 1983 claim.

To the extent that Plaintiff, in suing the "City of Louisville Family Court Div.," is attempting to sue a Kentucky state court, that state entity is entitled to Eleventh Amendment immunity. Under the Eleventh Amendment to the U.S. Constitution,[1] a state and its agencies

---

[1] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it. *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)); *Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 WL 37824, at *2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985."); *see also King v. Montgomery Cnty. Sheriff's Dep't*, No. 00-5688, 2001 WL 505937, at *1 (6th Cir. May 4, 2001) (agreeing with district court's dismissal of Montgomery County Circuit Court under the Eleventh Amendment); *McKee v. Fayette Circuit Court*, No. 95-5011, 1995 WL 559331, at *2 (6th Cir. Sept. 20, 1995) ("Dismissal was proper as to defendant Fayette Circuit Court because, unless expressly waived, a state, its agencies and state officials sued in their official capacity are immune from an action under the Eleventh Amendment, and the Fayette Circuit Court did not waive its right to be sued in this case.").

For these reasons, the § 1983 claims will be dismissed.

### *6. 42 U.S.C. § 1985*

Section 1985 contains three subsections and five broad categories of conspiratorial activity. *Kush v. Rutledge*, 460 U.S. 719, 724 (1983). Plaintiff does not specify under which subsection he brings his claim. Nonetheless, "[t]hree of the five broad categories . . . relate to

8

institutions and processes of the federal government--federal officers, § 1985(1); federal judicial proceedings, the first portion of § 1985(2); and federal elections, the second part of § 1985(3)." *Id.*; *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, (6th Cir. 2006) ("Section 1985(1), which prohibits conspiracies to interfere with federal officers in the performance of their duties, and the first clause of § 1985(2), which prohibits conspiracies to influence parties, witness, or jurors in federal court proceedings, are not applicable to this case."). None of these provisions apply in this case.

As to the remaining two categories of conspiratorial activity, the second part of § 1985(2) prohibits conspiracies that interfere with the administration of justice in state court, *Kush*, 460 U.S. at 725, and the first part of § 1985(3) is concerned with "the private enjoyment of 'equal protection of the laws' and 'equal privileges and immunities under the laws.'" *Kush*, 460 U.S. at 724. These two subsections contain "language requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws." *Id.* at 725. "Claims asserted under these provisions require that the conspirators' actions be motivated by race or class-based animus," *Bennett v. Batchik*, No. 90-2036, 1991 WL 110385, at *6 (6th Cir. June 24, 1991) (citing *Kush*, 460 U.S. at 725), an allegation which is wholly devoid in the instant complaint.

For the foregoing reasons, Plaintiff has failed to state a conspiracy claim under § 1985.

**B.     State-law claims**

Plaintiff alleges violations of the Kentucky Bill of Rights and several Kentucky statutes. Because Plaintiff's federal claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over his state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district

courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). The state-law claims, therefore, will be dismissed without prejudice.

## IV. <u>CONCLUSION</u>

The Court will enter a separate Order dismissing the instant action for the reasons stated herein.

Date: August 15, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendant
4411.005